IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| LINDA S. MERINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:06-CV-154BSJ |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| JO ANNE BARNHART, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

> **FILED**
> CLERK, U.S. DISTRICT COURT
> December 28, 2006 (11:33am)
> DISTRICT OF UTAH

* * * * * * * * *

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Linda S. Merino filed a petition for review of the Commissioner's Final Decision denying her claim for Supplemental Security Income (SSI) benefits based upon disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c (2000).   The matter was briefed by the parties and was heard by the court on September 25, 2006.  At that time, the court took the matter under advisement.

Having reviewed the briefs and arguments of counsel as well as the record in this matter, the court now rules as follows.

Ms. Merino complains of disabling back pain caused by a cervical spine disorder for which she has twice undergone surgical treatment.  Her medical history is aptly summarized in the briefs.

Following a May 19, 2005 evidentiary hearing, an Administrative Law Judge found that Merino was not disabled due to continuing back pain and that she retained the residual functional capacity to perform light work; her impairments were deemed not to be presumptively disabling

because they did not meet or medially equal the requirements of any section in the agency's

Listing of Impairments published at 20 C.F.R. Part 404, Subpart P, App. 1. (2005). .The ALJ

concluded that Merino's residual functional capacity would not preclude her from returning to

her past relevant employment as a housekeeper.

Merino sought review of that determination by the agency's Appeals Council, which

denied that request on December 23, 2005.  She then sought review in this forum.

Merino argues that the matter should be remanded to the ALJ bacause the ALJ failed to

explain in the decision both the weight the ALJ gave to Merino's treating physician's opinions

and the specific reasons for assigning that particular weight.  *See, e.g.*, *Watkins v. Barnhart*, 350

F.3d 1297, 1300-01 (10th Cir. 2003).  She also contends that the ALJ failed to evaluate the

intensity, persistence, and limiting effects of the pain she complains of in terms of her subjective

experience of that pain, in addition to whatever objective evidence may be found in the record of

the source of such pain, such as x-ray and MRI imaging or reports of physical examinations.  *See,*

*e.g.*, *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004).

The Commissioner concedes that the ALJ did not discuss a November 11, 2003

functional ability evaluation by one of Merino's treating physicians, Dr. Bacon, but argues that

the omission constitutes harmless error.  The ALJ's conclusion that a similar August 4, 2004

evaluation by another treating physician, Dr. Dayton, should not be given controlling weight

because it was "unsupported by the objective medical findings of record" should be upheld, the

Commissioner argues, because there exist specific reasons in the record that would support that

conclusion.  The ALJ's conclusion, in counsel's words, "was borne out by the record."

(Defendant's Answer Brief, filed July 28, 2006 (dkt. no. 17), at 20.)

According to the court of appeals in *Watkins*:

> Under the regulations, the agency rulings, and our case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling 96-2p, 1996 WL 374188, at *5; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). Further, the notice of determination or decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5. In this case, the ALJ offered no explanation for the weight, if any, he gave to the opinion of Dr. Rowland, the treating physician. We must remand because we cannot properly review the ALJ's decision without these necessary findings.

*Watkins*, 350 F.3d at 1300.

Counsel seeks to sustain the ALJ's conclusory dismissal or omission of the treating physicians' opinions by detailing specific reasons and record references in the brief submitted on review—specific reasons and references that may reasonably be read to support the ALJ's determination. But specificity in the brief on review is not the specificity *in the notice of determination or decision* that *Watkins* requires. The ALJ may indeed have relied upon the specific reasons and references now cited by counsel in giving essentially no weight to the two treating physicians' opinions, but the ALJ's written determination does not make that reliance explicit,[1] and under *Watkins*, it must.

---

[1]The ALJ's June 24, 2005 Decision says this:

> The undersigned finds that Dr. Bacon and Dr. Dayton are acceptable medical "treating" sources, adopting their supportable findings into the record. However, the undersigned finds that Dr. Dayton's medical determination that the claimant could not perform full time work in August of 2004 (Exhibit B-27F/26-27) to be unsupported by the objective medical findings of record. The undersigned also finds that Dr. Thoen, Dr. Colledge, Dr. Kraemer and Dr. Entezari-Taher are acceptable medical sources, and as such, has incorporated their credible fndings into the decision.

(Decision, dated June 24, 2005, at 11, *in* Record of Proceedings at 26.) In contrast, counsel for the Commissioner devotes nearly four pages of the brief to the reasons why the opinions of Drs. Bacon and Dayton should carry less weight than other evidence. (*See* Defendant's Answer Brief, filed July 28, 2006 (dkt. no. 17), at 18-21.)

This matter shall be remanded to the Commissioner for further proceedings that comport with the requirements delineated in *Watkins* concerning the weight to be accorded the opinions of treating sources and the reasons therefor.

The ALJ's evaluation of Merino's subjective assertions concerning her chronic excruciating pain discusses the relevant evidence in greater detail.  Concerning her pain, the ALJ found "the claimant to be only partially credible as to the degree and severity of her pain and functional limitations."  (Decision, dated June 24, 2005, at 10, *in* Record of Proceedings at 25.) In so finding, the ALJ did not limit himself to "objective" medical evidence, as claimant's counsel suggests, but weighed Merino's hearing testimony against her own complaints to her physicians concerning pain, which did not reflect "that the pain was as excruciating as described by the claimant" during the proceeding.  (*Id.* at 9, *in* Record of Proceedings at 24.)

In *Hamlin*, the court of appeals instructs that concerning subjective allegations of disabling pain, "an ALJ's '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Hamlin*, 365 F.3d at 1220 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).)  Having reviewed the ALJ's evaluation of Merino's allegations, the court is satisfied that it is "closely and affirmatively linked to substantial evidence," and does not require remand.

For these reasons,

**IT IS ORDERED** that the above-captioned proceedings shall be and hereby is REMANDED to the Commissioner for further proceedings consistent with this Memorandum

Opinion & Order.

DATED this 25 day of December, 2006.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge